**THEISS v NORTON MUTUAL FIRE ASSN**

Ohio Appeals, 9th Dist, Summit Co

No 2694. Decided Sept 21, 1936

R. T. McCullough, Akron, and C. T. Moore, Akron, for plaintiff in error.

Ray E. Morton, Barberton, and Foust & Holden, Akron, for defendant in error.

**OPINION**

By STEVENS J.

This case is before this court upon an error proceeding prosecuted from the Court of Common Pleas, the parties standing in the same relation as in the trial court.

The action was one upon a policy of insurance for the recovery of $1500, alleged to be due by reason of the destruction of a separator, or "threshing machine." To the petition, which declared upon the contract, was attached a copy of the insurance policy issued by the defendant company to the plaintiff, which policy contained a provision that the application constituted a part of and should be considered a part of the policy proper, but said application was not attached to the policy, that not being required by statute in the case of fire policies.

In the fine print at the bottom of the application was contained the following:

"* * * threshing machinery, hay and straw bale machinery, not insurable during threshing season or when in use, will not pay for loss thereon during such time * * *."

For answer to the petition, the defendant denied generally any liability under the provisions of said policy, set out the contents of the policy concerning the incorporation by reference of the contents of the application, specially pleaded the provision of the application showing that damage to or destruction of said threshing machinery occurring during the threshing season or while said machinery was in use was not a part of the contract, and alleged

that said coverage was not a subject of negotiation between the parties.

For reply to that answer, plaintiff denied generally the allegations of the answer, and in effect alleged a fraudulent suppression of the contents of said application, disclaimed knowledge of its contents, asserted that he was deprived of an opportunity to read the same by the agent who prepared the application, and averred that by reason thereof the defendant company was estopped to set up the defense attempted to be interposed. It was, however, conceded by counsel for plaintiff that the application did contain the provision above quoted, and that the separator was destroyed by fire during the threshing season and while it was in use, and at a place far removed from plaintiff's residence, mentioned in the policy.

After the opening statements of counsel for both parties had been completed, defendant addressed a motion to the trial court for a judgment upon the pleadings and opening statements of counsel, and objected to the introduction of any evidence under the pleadings; upon consideration whereof, the trial court sustained said motion and dismissed plaintiff's petition.

The petition setting forth a cause of action predicated upon an instrument in writing, which instrument included by reference the application signed by the plaintiff, it appears to the members of this court that the plaintiff must ██ be bound by the contract which he made, unless and until such time as said contract is reformed.

The estoppel claimed does not relate to acts and conduct of the parties subsequent to the making of the contract, but to their acts and conduct at the time of the making of the contract; and it being established that plaintiff signed the application and accepted a policy wherein the application was made a part thereof, his action at law to enforce the contract must be based upon the contract as it is. If he desires to prosecute an action at law upon a changed contract, he must first, by appropriate action, have the contract reformed, so that it accurately states the agreement into which the parties entered. This could have been done in a separate cause of action in the same suit. If, however, the plaintiff fails to have said contract reformed, he is bound by the contract which he admits he made, even though he claims he was induced to

make said contract by the fraud of the other party to the contract.

Nothing appearing in the record to show any facts occurring subsequent to the execution of the contract in question which would give rise to an estoppel, we are of the opinion that the plaintiff must stand or fall upon the contract as pleaded. That contract upon its face incorporates the application, and makes the same a part of the contract, and that application exculpates the defendant from liability for loss or damage to the threshing machinery insured, during the threshing season or while said machinery is in use. It is therefore apparent that upon the pleadings a cause of action █ tion has not been stated by the plaintiff, and the trial court accordingly did not err in sustaining defendant's motion for judgment in its favor upon the pleadings and opening statements of counsel.

Reformation not having been sought by appropriate allegations in the pleadings, the right of the plaintiff to have the contract reformed need not now be considered by this court.

The judgment of the trial court is affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.